**IN THE COURT OF APPEALS OF IOWA**

No. 11-1613
Filed March 26, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MICHAEL LEE QUERRY,**
　　　　Defendant-Appellant.
_____


　　　　Appeal from the Iowa District Court for Jasper County, Thomas W. Mott,

District Associate Judge.


　　　　Defendant challenges the district court's denial of his motion to suppress.

**AFFIRMED.**



　　　　Kate Strickler of Carr & Wright, P.L.C., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney

General, Michael K. Jacobsen, County Attorney, and Kelley Bennett, Assistant

County Attorney, for appellee.



　　　　Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**DANILSON, C.J.**

Michael Querry challenges the district court's denial of his motion to suppress. He contends the district court erred by admitting evidence obtained after an unconstitutional stop of his vehicle. He asks that we suppress the evidence and reverse his conviction. Because we find the officer had probable cause to stop Querry's vehicle, we affirm.

**I. Background Facts and Proceedings.**

Shortly after midnight on April 4, 2011, Officer Brian Foster encountered Querry's white Pontiac Grand Am in Newton. Officer Foster was approximately a block away from Querry's vehicle when the officer witnessed him take a quick right turn and accelerate. Deciding to follow the vehicle, Officer Foster also turned. The vehicle then turned again on East Eleventh Street. Officer Foster turned his patrol car on East Tenth Street at the same time and drove parallel to Querry's vehicle, which was one block away. The posted speed limit for both roads was twenty-five miles per hour.

Officer Foster testified he could see Querry's vehicle intermittently between houses and through an intersection during the one and a half blocks that he paced Querry's car. The officer testified he maintained a constant speed of thirty-three miles per hour while keeping pace. This speed was indicated to him on both his calibrated speedometer in the squad car and his radar. He further testified he was confident his speed matched Querry's as both he and Querry reached the final intersection at the same time.

After reaching the intersection, Querry turned eastbound and Officer Foster followed. The officer then initiated a traffic stop of Querry's vehicle and

issued Querry a warning for the speeding violation. During the stop, Querry consented to a search of his vehicle. Officer Foster found a ripped plastic bag and loose marijuana on the floor in front of the driver's seat. When asked about it, Querry admitted he had ripped the bag when Officer Foster initiated the traffic stop.

Querry was arrested and charged with possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5) (2011). Before trial, Querry filed a motion to suppress challenging the validity of the traffic stop. He argued the officer did not have probable cause or reasonable suspicion to initiate the stop. The district court held a hearing on the motion on July 6, 2011, and denied it.

A trial on the minutes of testimony was held on September 28, 2011. The court found Querry guilty and sentenced him to thirty days in jail, with all but five days suspended, and one year of probation. Querry was also fined $625. He appeals.

## II. Standard of Review.

Querry argues the district court should have granted his motion to suppress on federal and state constitutional grounds. Therefore, our review of the issue is de novo. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). We make "an independent evaluation of the totality of the circumstances as shown by the entire record." *Id.*

## III. Discussion.

The Fourth Amendment to the United States Constitution and Article 1, Section 8 of the Iowa Constitution protect individuals against unreasonable

searches and seizures. Stopping a vehicle and detaining the occupant is not an *unreasonable* seizure when the officer has probable cause due to observation of a traffic violation. *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990).

Although Querry contests the use of the officer's "pacing technique" as a reliable observation that Querry violated the posted speed limit, our supreme court has found the use of the technique to be reliable. In *State v. Hicks*, 791 N.W.2d 89, 93 (Iowa 2010), the defendant challenged the validity of the officer's pacing technique and the calibration of the GPS system as evidence he had driven a speed in excess of the posted limit. The court decided the officer's "pacing and the GPS speed allows for a rational inference that [the defendant] was traveling in excess of the twenty-five miles-per-hour speed limit." *Hicks*, 791 N.W.2d at 93. Similarly, in *State v. Bedwell*, 417 N.W.2d 66, 70 (Iowa 1987), the court found that an officer's testimony of the defendant's speed, based solely on "keeping pace" with the defendant, was sufficient evidence for a jury to conclude the defendant was speeding.

Here, Officer Foster had probable cause to initiate the traffic stop of Querry. Officer Foster provided reliable evidence he paced Querry's vehicle for one and a half blocks. The officer testified that he could see Querry's vehicle was parallel to his own between houses and when both crossed an intersection at the same time. He also testified the two vehicles reached the stop sign at the

final intersection at the same time. While pacing, Officer Foster maintained a speed of thirty-three miles per hour while Querry drove on a road with a posted speed limit of twenty-five miles per hour. Although these circumstances do not reflect an ideal pacing methodology, Officer Foster's observations provided a rational inference that Querry was violating the speed limit and gave the officer probable cause to initiate the traffic stop of Querry's vehicle.

Because Officer Foster had probable cause to initiate the traffic stop of Querry's vehicle, we affirm the district court's denial of the motion to suppress.

**AFFIRMED.**